UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RONALD WILSON,

         Plaintiff,

    v.

PIER 1 IMPORTS (U.S.), INC.;
and MELLON/PIER 1 PROPERTIES
LIMITED PARTNERSHIP I,

         Defendants.
                                /

NO. CIV. S-04-633 LKK/CMK

O R D E R

     In March of 2004, plaintiff Ronald Wilson ("plaintiff") filed suit against defendant Pier 1 Imports (U.S.), Inc., and Mellon/Pier 1 Properties Limited Partnership I ("defendants"). Plaintiff asserts federal and state causes of action arising out of allegedly inadequate accommodations provided for the physically disabled in defendants' store ("the store"). Pending before the court is plaintiff's motion to strike defendants' expert disclosures.

////

1

**I.**

**BACKGROUND**

This court's Status Order filed on June 2, 2004 stated that "all counsel are to designate in writing and file with the court and serve upon all other parties a final list of the names of <u>all</u> experts that they propose to tender at trial not later than sixty (60) days before the close of discovery herein established" (i.e., by May 2, 2005).

The court's order also stated:

> An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition.

June 2, 2004 Order at 5.

On June 1, 2005, defendants served the disclosure of expert Kim Blackseth (30 days before the July 1 deadline) to rebut reports by plaintiff's experts who opined that the store's design was legally insufficient. Plaintiff moves this Court to preclude the testimony of Mr. Blackseth due to defendants' allegedly untimely designation of the witness. After this motion was filed, defendants offered to set a mutually agreeable date for the parties to depose this expert. Plaintiff rejected that offer.

////
////
////

## II.

## ANALYSIS

Plaintiff contends that defendants' designation of Mr. Blackseth was untimely because, pursuant to the Court's order, defendants could have reasonably anticipated the need for the witness by May 2, 2005, when designation of all expert witnesses by all parties was due.  Defendants, on the other hand, contend that in the absence of a concrete time line provided by the Court for the designation of Mr. Blackseth[1] was timely under the Federal Rules of Civil Procedure.[2]

While defendants' June 1, 2005 disclosure of Mr. Blackseth complies with the Federal Rules, it is untimely by virtue of the June 2004 Status Order.  Defendants contend that Mr. Blackseth is being offered *only* to rebut specific reports offered by plaintiff's experts regarding the legal sufficiency of the store's design. Although Mr. Blackseth's report does rebut plaintiff's evidence, the position taken by defendants' counsel that the need for Mr. Blackseth was not reasonably knowable on May 2, 2005 is not defensible.  The store's design has been disputed by both sides since the commencement of litigation and defendants' counsel could have reasonably anticipated the necessity of such witness at the

---

[1] Why defendants think that the Status Order using the word "all" is ambiguous is not disclosed by their papers.

[2] Fed. R. Civ. P. 26(a)(2)(C) provides that, in the absence of a contrary court order, a party may disclose the identity of an expert whose testimony is intended only to contradict or rebut evidence offered by another party's expert thirty days after disclosure of the other party's expert.

3

1  time the lists were exchanged.  The proper course of action in this
2  case would have been for all parties to disclose their experts at
3  least 60 days before the close of discovery, as set forth in the
4  court's June 2, 2004 order.[3]
5      Plaintiff's motion to preclude the expert witness is GRANTED.
6      IT IS SO ORDERED.
7      DATED:  July 25, 2005.

                                         /s/Lawrence K. Karlton
                                         LAWRENCE K. KARLTON
                                         SENIOR JUDGE
                                         UNITED STATES DISTRICT COURT

---

[3] If defendants were truly in doubt, timely discovery would have resolved the issue.

4