UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD WILSON,

        Plaintiff,

  v.

PIER 1 IMPORTS (US), INC;
and MELLON/PIER 1 PROPERTIES
LIMITED PARTNERSHIP I,

        Defendants.
_____/

NO. CIV. S-04-633 LKK/CMK

O R D E R

**TO BE PUBLISHED**

    Pending before the court are motions in three separate cases arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12101 et seq. In each case the plaintiffs allege that the defendants violated the statute by virtue of maintaining physical barriers to the plaintiffs' access to the defendants' facilities.

    All of the defendants' motions raise matters collateral to the central question in any ADA case, i.e., have the defendants violated the law. These motions rest upon a series of recent

1

district court cases suggesting a variety of legal impediments to the plaintiffs' lawsuits.  In a series of opinions, I address those claims and conclude that this court is unable to follow those cases.[1]

In this opinion the court addresses defendants' motion seeking to have the plaintiff and his attorney declared vexatious litigants, and thus subject to a so called pre-filing order.

## I.

## FACTS[2]

Plaintiff, Wilson, is a 69-year-old male, who has been disabled since 1993.  Wilson Dec. in Supp. of Pl.'s Mot. for Summ. J., (Wilson Dec. at 2); Dep. at 25:12-13; 33:20-21; 65:11-25; Pl.'s SUF 1.[3]  During the past few years, he has visited the

---

[1] The motions address both legal issues applicable to many ADA cases, and factual issues pertaining solely to the individual lawsuits.  The court will restrict its published opinions to the generally applicable legal issues.  Separate opinions will address the motions in regard to the particular facts of each case.

[2] For the purposes of this motion, defendants do not dispute many of the facts.  Thus, except as noted, all of the facts described above are undisputed.

[3] Plaintiff, inter alia, suffers from severe degenerative joint disease in his neck, legs, shoulders, and spine, irregular heartbeat, multi-joint arthritis, slight foot drop, and limited range of motion of upper extremities. Wilson further suffers from gout, deafness, and peripheral neuropathy with symptoms of ALS (a.k.a. Lou Gehrig's Disease).  Wilson Dec. at 4; Dep. at 45:22-23; 46:17-18, 23-25; 60:22; Pl.'s SUF 3.  Wilson has no control over his muscles, which are deteriorating faster than doctors thought they would, and is forced to use either a wheelchair or cane (or combination of both) when traveling in public.  Wilson Dec. at 6; Dep. at 46:17; 53:19-55:2; 55:25-56:7; 47:4-12; Pl.'s SUF 5.  Wilson's condition will worsen over time. Wilson Dec. at 7; Dep. at 48:19-21; Pl.'s SUF 6.

defendants' store with his wife, and on several occasions purchased various items.

The Store was constructed and opened in 1989, and has not been altered, as defined under the ADA and the California Building Code, since it opened.

Wilson claims that each of his visits to the store entailed a struggle to overcome various physical barriers. Wilson Dec. at 11; Dep. at 131:9-13; Pl.'s SUF 10.

## II.

## VEXATIOUS LITIGANT

**A.   STANDARDS**

The impetus for defendants' motion appears to be a relatively recent opinion by Judge Rafeedie in the Central District of California finding vexatious litigation and concluding a pre-filing order was warranted by virtue of the plaintiff's filing of hundreds of Title III claims against restaurants and other entities. Molski v. Mandarin Touch Restaurant, 347 F.Supp.2d 860 (C.D. Cal. 2004).[4] Defendants urge this court to follow Judge

---

[4] In declaring plaintiff Jared Molski, a physically disabled individual who relies on a wheelchair for ambulation, a vexatious litigant, Judge Rafeedie opined that Molski's lawsuits were tantamount to "systematic extortion, designed to harass and intimidate business owners into agreeing to cash settlements." 347 F.Supp.2d at 864.
    Judge Rafeedie also notes that he is troubled by the fact that Molski, in conjunction with the ADA claim, sought monetary damages under state law. He wrote that "Molski's ADA claims are a sham, used as a pretext to gain access to the federal courts, while he pursues remedies that are available - sometimes exclusively - under California law." Id. at 867.
    I am perplexed that a vexatious litigation finding is thought to be supported by the fact that a plaintiff asserts supplemental

3

Rafeedie's lead. I cannot do so.

Judge Rafeedie applied the Second Circuit's vexatious litigant standards outlined in Saffir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986). With all due respect, Judge Rafeedie, like the undersigned, is bound by the Ninth Circuit, which has developed its own standard. Accordingly, I turn to an explication of this Circuit's jurisprudence.

Under the All Writs Act, 28 U.S.C. § 1651(a), district courts "have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." Weissman v. Quail Lodge Inc., 179 F.3d 1194, 1197 (9th Cir. 1999); see also Fink v. Gomez, 239 F.3d 989 (9th Cir. 2001)(Court has inherent power to sanction willful or reckless conduct when combined with either frivolousness, harassment, or improper purpose). Such orders, however, "should rarely be filed." De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990); see also Weissman, 179 F.3d at 1197.

In this Circuit, before declaring a litigant vexatious the court must: (1) provide a plaintiff with an opportunity to oppose entry of the order; (2) must indicate what court filings support issuance of the order; (3) must find that the filings were frivolous or harassing; and (4) the order must be narrowly tailored. De Long, 912 F.2d at 1147-49; Benoza v. Target Personnel Services, 1997 WL 446232 (N.D. Cal. Jul 29, 1997). The Ninth

---

jurisdiction, which is, after all, specifically provided for in federal law. 28 U.S.C. § 1367.

4

Circuit has explained that the "ordinary, contemporary, common meaning" of "frivolous" is "of little weight or importance: having no basis in law or fact." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005)(interpreting 28 U.S.C. § 1915(g))(quoting Webster's Third New International Dictionary 913 (1993)). Similarly, Black's Law Dictionary defines "frivolous" as: "Lacking a legal basis or legal merit; not serious; not reasonably purposeful. Black's Law Dictionary 677 (7th ed. 1999); see also Les Shockley Racing, Inc. v. National Hot Rod Association, 884 F.2d 504, 510 (9th Cir.1989) (defining frivolous for purposes of Rule 11 as lacking a well-founded basis in fact and in law or a good faith argument).

**B.   DISCUSSION**

Employing this Circuit's procedure, and acknowledging the Circuit's restrictive definition of vexatious and its admonition that such orders are rarely justified, see DeLong supra, I must conclude that defendants have failed to make an adequate showing that plaintiff's and his counsel's filings are frivolous. Before explaining why, however, the court must take a short detour to consider an issue not raised in either the Ninth Circuit cases or, for that matter, in Molski.

**1.   Standing**

The defendants in arguing their motion for summary judgment seek to impose stringent standing principles in judging whether plaintiffs in ADA cases may assert claims concerning barriers they had not encountered during their visit to defendants' facility.
////

Whether that position is well-taken requires considering the merits of the motion, which will be considered in a subsequent opinion. The court here notes, however, that defendants fail to apply any rule of standing, much less a stringent one, to their own right to litigate. As I now explain, that defect appears to suffice to deny the motion.

It would hardly be proper for the defendants to bring this vexatious litigant motion simply as a device to cast aspersions of plaintiff's character.  Indeed, since they are already defendants in the instant litigation, it would seem difficult to see what advantage, other than casting aspersions on plaintiff and his counsel, would be gained in bringing the motion in this case. Thus, it must be that defendants are motivated by righteous indignation and fear that others will be subjected to vexatious litigation.  Even assuming some form of jus terti right, hardly a given, defendants, like any litigant, must possess traditional standing.  In this context, that means that in order to bring the motion the defendants must be subject to the injury complained of, vexatious litigation. Put differently, their righteous indignation must be bottomed on their own blameless conduct, and that they are the subject to a frivolous lawsuit because they, in fact, have not violated the ADA.  They have failed to demonstrate complaince with the statute.[5]

---

[5] Notably, during oral argument, the court asked defendants' counsel whether he could maintain that all of plaintiff's claims were meritless.  He confessed that he could not do so.

6

As the cross-motions for summary judgment demonstrate, serious questions about whether the defendants have violated the law inform the instant litigation.  I conclude that defendants do not have standing to bring the motion.  As I now explain, however, even if common standards of standing do not bar defendants' motion, they have failed to make the requisite showing.

### 2. **Plaintiff Ronald Wilson**

In this Circuit, the court must find that plaintiff's filings are frivolous and harassing.  It is undisputed that plaintiff has been disabled since 1993 and that he has severe degenerative joint disease which hinders his movement.  Thus, he has satisfied the first requisite for filing suit, that is, he is a member of the class the statute was meant to protect.  See ADA, §§ 2 et seq.; 42 U.S.C.A. §§ 12101 et seq.  Moreover, as I noted above, substantial questions remain as to whether defendants are in violation of law, thus satisfying the second requisite for this suit.  Nonetheless, relying in large part on the fact that plaintiff is a frequent litigator, defendants assert there are sufficient grounds to declare him a vexatious litigant.[6]  Defendants' evidence that plaintiff has filed boilerplate complaints and that only one of his cases has proceeded to trial hardly suggests that he is filing his suits in bad faith.  Defs.' Mot. at 18-20 [7].

---

[6] Defendants provide evidence of 85 ADA cases filed by plaintiff.

[7] Defendants argue that "[i]t defies belief that Plaintiff suffered physical injury every single time he visited a public accommodation that he later sued," and that "the court cannot take at face value Mr. Wilson's claim that he needed to use the restroom

7

Plaintiff does not dispute that he has filed a large number of cases but notes that "mere litigiousness is insufficient." De Long, 912 F.2d at 1147. The court "must examine the content of the filings." Id. The court has examined plaintiff's filings, including in the instant case, and finds that plaintiff's ADA claims are not frivolous.

In the case at bar, Wilson has tendered sufficient evidence which convinces the court that he has visited defendants' premises with his wife, and purchased various items.[8] He avers that each of his visits to the store entailed a struggle to overcome accessible elements with the entrance door (hardware, threshold, pressure, sweep periods), curb ramp, parking, and signage. Wilson Dec. at 11; Dep. at 131:9-13; Pl.'s SUF 10. Plaintiff has testified that he was injured in attempting to enter the door of defendants' premises. Wilson Dec. at 12; Dep. at 144:19-145:19; Pl.'s SUF 11. In the absence of a showing of duplicity, this should put an end to defendants' contention. It is, however, not the end of the story.

---

at every public accommodation he sued." Mot. at 19. While the court cannot say with certainty that the plaintiff suffered physical injury each time, that is not his claim. Rather, as the court understands it, he claims that he has suffered the discrimination against the handicapped resulting from physical barriers which violate the ADA. As to using the bathroom, it is hardly surprising, given the frequency of violation, that a handicapped person seeking to vindicate the ADA would visit a premise's restroom.

[8] These purchases were documented with four receipts that he received during his visits of September 8, 2003, March 13, 2004, September 25, 2004, and January 30, 2005. Wilson Dec. at 8; Dep. at 117:8-13; 123:17-19; Pl.'s SUF 7.

8

1   Relative to the other suits, plaintiff has filed a declaration
2 which details 43 different suits which he initiated.  He is able
3 to provide the dates on which he visited the various premises, the
4 barriers he faced, as well as his interactions with the various
5 defendants he undertook in order to assist them in complying with
6 the ADA.  Wilson Dec. at 4-26.  Plaintiff explains that in every
7 suit filed by him, he writes a letter or contacts the facility by
8 phone to inform them of non-compliance.  Id. at 2.  Plaintiff
9 attaches correspondences with numerous defendants where the parties
10 discuss architectural barriers which he faced and which demonstrate
11 failure to comply with the ADA (see, e.g., Ex. F to Wilson Dec.,
12 letter from defendant to plaintiff responding to plaintiff's
13 concerns about "level landing of Case C ramps").  In cases where
14 entities removed architectural barriers, plaintiff claims he did
15 not file suit.  Id. at 3.
16   From all that appears, the number of lawsuits plaintiff has
17 filed does not reflect that he is a vexatious litigant; rather, it
18 appears to reflect the failure of the defendants to comply with the
19 law.  Accordingly, the court cannot find that plaintiff has filed
20 frivolous ADA lawsuits.
21   **3.  Attorney Lynn Hubbard**
22   As with plaintiff Ronald Wilson, the court cannot find that
23 plaintiff's counsel's filings lack a basis in fact or law
24 warranting a pre-filing order prohibiting vexatious litigation.
25   Defendants urge this court to find Hubbard a vexatious
26 litigant due to the large number of cases he has filed.  Although

9

1  Hubbard does not dispute that he has filed a large number of cases
2  (approximately 1030 lawsuits in the last four years), the court
3  cannot conclude that these lawsuits were frivolous.  Nor can the
4  court grant this motion based on numerosity alone since, as noted,
5  "mere litigiousness is insufficient."  De Long, 912 F.2d at 1147.
6  The court "must examine the content of the filings."  Id.
7   Defendants argue that Hubbard's conduct is "egregious and
8  vexatious," in part because he files "boilerplate violations of the
9  ADA and state law."  Mot. at 6.  Indeed, it appears that earlier
10 instance of Hubbard's complaints are virtually identical.  It is
11 unclear to this court, however, why uniform instances of misconduct
12 do not justify uniform pleadings.  In any event, perhaps spurred
13 on by challenges such as the instant one, and judges unsympathetic
14 to his claims, it appears that counsel has recently begun to
15 attach pictures and other documents which seek to particularize the
16 pleadings and more clearly define the barriers which are the
17 subject of the suit.
18  Hubbard concedes that 99.8% of his suits settle before going
19 to trial. Defendants argue that this indicates that Hubbard has
20 filed lawsuits without good faith in prosecuting them.  Although
21 Judge Rafeedie concluded that a high settlement rate is evidence
22 of a lack of belief in the merits, I cannot agree.  A settlement
23 rate no more indicates a plaintiff's lack of confidence than it
24 does a defendant's.  A high settlement rate is a fact of modern
25 ////
26 ////

litigation.[9]  Moreover, plaintiff's counsels avers that he has taken four ADA cases to trial in the last two years, and that he prevailed in two of those actions.  Opp'n at 12.[10]

Based on the evidence presented, defendants have not shown that Hubbard is a vexatious litigant.  Indeed, they have left the court with the distinct fear that the motion is frivolous.  Rather than pursuing that issue, thus permitting the tail to wag the dog, however, the court will proceed to the other motions pending in the case.

Defendants' motion seeking to have the plaintiff and his attorney declared vexatious litigants is DENIED.

IT IS SO ORDERED.

DATED:  January 27, 2006.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[9] See Allan Kanner and Tibor Nagy, Exploding the Blackmail Myth: A New Perspective on Class Action Settlements, 57 BLRLR 681, 697 (2005) (seventy-three percent of certified class actions settle, and seventy percent of all federal lawsuits settle).

[10] It would be interesting to learn how many ADA cases defense counsel have settled rather than tried in the last two years. Unfortunately, defense counsel does not favor the court with that information.

11