UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD WILSON,

        Plaintiff,

   v.

PIER 1 IMPORTS (US), INC;
and MELLON/PIER 1 PROPERTIES
LIMITED PARTNERSHIP I,

        Defendants.
_____/

NO. CIV. S-04-633 LKK/CMK

O R D E R

**TO BE PUBLISHED**

This court recently issued an order in the above-captioned case denying defendants' motion to declare plaintiff and his attorney vexatious litigants. <u>Wilson v. Pier 1 Imports</u>, __ F.Supp.2d __, 2006 WL 213823 (E.D. Cal. 2006).  The parties have also filed cross-motions for summary judgment.  This order addresses one aspect of those motions.

As the previous order noted, plaintiff is a person with a disability who, on various occasions, has visited the store the defendants own and operate in Fairfield, California.  He asserts that during his visits he has encountered various physical barriers

1

1  to his enjoyment of the facility.  By virtue thereof, he alleges
2  that the defendants violated Title III of the Americans with
3  Disabilities Act, 42 U.S.C. §§ 12181 et seq. and California's Unruh
4  Civil Rights Act, Cal. Civ. Code §§ 51 et seq.[1]
5       Attached as Exhibit A to plaintiff's complaint is "a true and
6  accurate list, to the extent known by [plaintiff], (with photos)
7  of the barriers that denied him access to the store, or which he
8  seeks to remove on behalf of others."  Compl. at ¶ 19.  That list
9  contains fifteen alleged violations.
10      After the filing of the complaint, Joe Card, who plaintiff
11 tenders as an expert, inspected defendants' facility.  Card then
12 issued a report identifying various purported barriers, some of
13 which were not included in plaintiff's original complaint.[2]
14      After completion of discovery, the parties brought the cross-
15 motions now at bar.  Resolution of those motions will require
16 detailed examination of the cognizable violations asserted by
17 plaintiff.  That task, lacking general interest, will be
18 accomplished in a future unpublished opinion.  This opinion will

---

[1] Because the store predates the ADA, plaintiff claims the defendants violated both the ADA and the Unruh Act by failing to remove architectural barriers from an existing facility, when it was readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Plaintiff also claims that the store was required but failed to comply with California's disabled access laws existing at the time of construction. See Title 24 of the California Building Code.

[2] Plaintiff's failure to amend the complaint to include the alleged additional barriers prior to the cross-motions for summary judgment gives rise to yet another legal problem which must be resolved before reaching the merits. That issue will be addressed in a subsequent order.

2

deal with the defendants' assertion that plaintiff's standing is limited to alleged barriers that he either personally encountered, or that he knew about and which deterred him as of the time his complaint was filed.

## I.

### STANDING AND THE AMERICANS WITH DISABILITIES ACT

As with the vexatious litigant motion, the defendants' motion relative to standing is premised on recent district court cases. In this instance, they are two recent cases issued by judges of this court which advocate a strict standard for standing in physical barrier ADA cases. <u>Martinez v. Longs Drug Stores, Inc.</u>, 2005 WL 2072013 (E.D. Cal. 2005)(Levi, C.J) and <u>White v. Divine Investments, Inc.</u>, 2005 WL 2491543 (E.D. Cal. 2005)(Damrell, J). There is one conflicting case, however, issued by Judge Shubb of this court, which applies a more flexible test for standing. <u>Pickern v. Best Western Timber Cove Lodge Marina Resort</u>, 2002 WL 202442 (E.D. Cal. 2002)(Shubb, J.).

I have previously explained that "[w]hile the opinion of another judge of this court is not binding on me, both considerations of orderliness and my respect for the opinions of my colleague[s] suggest great caution must be exercised before departing from [their] opinion[s]." <u>United States v. Downin</u>, 884 F.Supp. 1474, 1477, n.4 (E.D. Cal. 1995) (citation excluded). Those considerations are particularly weighty when two judges of this court have come to the same conclusion. That concern is diminished since a conflict already exists within the district.

3

In any event, for the reasons explained below, I cannot concur in the view of Judges Levi and Damrell.

The Supreme Court has explained that to demonstrate a "case or controversy" within the meaning of Article III of the Constitution, and thus constitutional standing, a plaintiff must show that:

> (1) [he has] suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc., 528 U.S. 167, 181 (2000).

The defendants' motion raises the issue of whether the plaintiff has suffered an injury in fact if he did not encounter a barrier himself, or was not made aware of the barrier until his expert paid a visit to the store.[3]

Judge Damrell, following Chief Judge Levi's lead, held that a plaintiff does not have standing under such circumstances. He acknowledged that a plaintiff need not encounter every barrier he raises in the case, but he held that he "must, at a minimum, know of or have reason to know of, and be deterred by, the barrier at the time the complaint is filed . . . ." White v. Divine Investments, Inc., 2005 WL 2491543 (E.D. Cal. 2005) (Damrell, J.);

---

[3] Neither the "fairly traceable" or redressable elements of standing have been raised by the defendants, nor could they reasonably have been raised.

4

1  Martinez v. Longs Drug Stores, Inc., 2005 WL 2022013, *4 (E.D. Cal.
2  2005)(Levi, C.J.).

3       As defendants suggest, this standard presents serious
4  difficulties for plaintiff.  Mr. Wilson admits that he visited the
5  store regularly, and that the barriers he encountered did not deter
6  him from returning; moreover, plaintiff alleges that he plans to
7  visit again in the future.  Focusing on the deterrence language in
8  White, the defendants claim that because plaintiff was not deterred
9  from entering the store and intends to return, he lacks standing
10 to sue.  Moreover, as to those violations discovered by Card, but
11 not encountered by plaintiff, it seems clear that under the
12 White/Martinez standard, since plaintiff was not aware of the
13 barriers at the time he filed the complaint, he also would lack
14 standing under that standard.

15      Because I believe the White/Martinez standard is unduly
16 restrictive, I cannot adhere to it.  Nothing in the Act suggests
17 that the ADA was intended to protect the disabled only from
18 discriminatory conditions that are so intolerable so as to halt
19 visiting the facility altogether. Rather, the statute itself, the
20 regulations which implement it, and the case law indicate that the
21 Act was designed to eliminate a wide range of discriminatory
22 practices.  The "general rule" set out by the ADA is that "no
23 individual shall be discriminated against on the basis of
24 disability in the *full and equal enjoyment* of the goods, services,
25 facilities, privileges, advantages or accommodations of any place
26 of public accommodation. . ."   42 U.S.C. § 12182(a)  (emphasis

5

added). The statute's findings section sets out that persons with disabilities encounter "various forms of discrimination including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers. . ." 42 U.S.C. § 12101(a)(5). Congress thus responded by stating that the purpose of the Act was to create a "mandate for the *elimination* of discrimination" not just the weakening or reduction of discrimination which is what the case would be if plaintiffs were only allowed to bring suit for barriers that absolutely denied access. 42 U.S.C. § 12101(b)(1) (emphasis added).

The ADA is a "remedial statute, which should be broadly construed to effectuate its purpose of eliminating discrimination against the disabled in our society." Parr v. L&L Drive-In Restaurant, 96 F.Supp.2d 1065, 1081 (D. Haw. 2000). As to the Card discoveries, plaintiff contends that the ADA should cover all discriminatory barriers, regardless of when they are discovered. The ADA condemns discrimination against the disabled and defines such discrimination, inter alia, as a failure to remove "barriers where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

Clearly, as plaintiff argues, requiring piecemeal compliance runs the risk that an injunction will only remedy some barriers, leaving others in place for the disabled to encounter. The statute, however, provides for injunctive relief to any person who has "reasonable grounds for believing that such person is about to be subject to discrimination." 42 U.S.C. § 12188(a)(1). The

6

language makes plain that future threats of encountering physical barriers suffices to bring suit under the statute. Indeed, it is difficult to believe that a statute with the broad remedial purpose of ending discrimination against the disabled, should be construed as permitting discrimination to persist after its existence has been discovered. The only question then is whether Congress exceeded its power in providing for such relief.

It is established that standing doctrine should be liberally applied in civil rights cases. As the Supreme Court taught in Trafficante v. Metropolitan Life Insurance, 409 U.S. 205, in the case of a civil rights act, where private enforcement suits "are the primary method of obtaining compliance with the Act" and where Congress defined discrimination broadly, Article III standing should likewise be construed as broadly as possible. Id. at 366-67; see also Walker v. Carnival Cruise Lines, 107 F.Supp.2d 1135, 1143 (N.D. Cal. 2000).

It seems clear that the injury-in-fact requirement of Article III standing is easily satisfied by liberally construing it in this context. All that is required is to recognize that the injury suffered relative to later-discovered barriers is the threat of being subjected to discrimination suffered by virtue of the existence of barriers, whether or not initially encountered.

Indeed, plaintiff, relying on Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133 (9th Cir. 2002), maintains that the issue is settled in his favor in this circuit. In Pickern, plaintiff, a paraplegic, was denied access to a grocery store

because of barriers that he claimed existed.  Id. at 1136.  The court concluded that by alleging that he was currently deterred from attempting to gain access to the store, plaintiff had "stated sufficient facts to show a concrete, particularized injury."  Id. 1138.[4]  The court went on to explain, agreeing with an Eighth Circuit opinion, that a plaintiff was not limited to challenging ADA violations which he personally encountered, since such a narrow construction of the Act would be both inefficient and impractical. Id. (citing Steger v. Franco, Inc., 228 F.3d 889 (8th Cir. 2000)). The Circuit explained that a plaintiff "need not necessarily have personally encountered all the barriers that bar his access to the Paradise store in order to seek an injunction to remove those barriers."  Pickern, 293 F.3d at 1138.  Moreover, the court explained "a plaintiff who is threatened with harm in the future because of existing or imminently threatened non-compliance with the ADA suffers 'imminent injury.'"  Id.

Judges Levi and Damrell concluded that Pickern is distinguishable because it was primarily addressing a statute of limitations issue, and they believe that it did not fully adopt the Steger analysis.  See White v. Divine Investments, Inc., 2005 WL

---

[4] The court explained that if "a plaintiff who is disabled within the meaning of the ADA has actual knowledge of illegal barriers at a public accommodation to which he or she desires access," that plaintiff need not engage in the "futile gesture" of attempting to gain access in order to show actual injury during the limitations period.  When such a plaintiff seeks injunctive relief against an ongoing violation, he or she is not barred from seeking relief either by the statute of limitations or by lack of standing.  Id. at 1135.

8

2491543, *3 (finding in addition that <u>Pickern</u> was distinguishable on the ground that the <u>Pickern</u> plaintiff "actually encountered all of the barriers that he sought to remedy in his suit.")[5]; <u>Martinez v. Longs Drug Stores</u>, 2005 WL 2072013; <u>see</u> <u>also</u> <u>Harris v. Costco Wholesale Corp.</u>, 389 F.Supp.2d 1244, 1249 (S.D. Cal. 2005) (finding that plaintiff's "standing to bring an ADA action must rest on the architectural barriers he contends he encountered during the visit that pre-dates the filing of the Complaint.").

I begin by noting that nothing in <u>Pickern</u> itself supports the distinction my colleagues have made. The substantive portion of the opinion is divided into two parts, the first commencing at 293 F.3d at 1136 is entitled "II Statute of Limitations," the second commencing at 1137 is entitled "III Standing". With the greatest of respect, the conclusion that the case dealt primarily with the statute of limitations is not supported by the text of the opinion.

Moreover, the conclusion that the Circuit did not adopt the Eighth Circuit's opinion seems equally to simply depart from <u>Pickern</u>'s text. The court wrote that "we agree with <u>Steger v. Franco</u>," <u>Pickern</u>, 293 F.3d at 1138, and again, "we agree with the

---

[5] The firm representing Wilson also represented the plaintiff in <u>Pickern</u> and Wilson has provided this court with excerpts of the brief that was before the Ninth Circuit which demonstrates that the plaintiff in <u>Pickern</u> actually had not encountered all the barriers that he sought to remedy in his suit. Pl.'s Reply Br. in Supp. of Mot. for Summ. J. at 4-5. Apparently, neither the original nor first amended complaint purported to identify all the barriers in that case, and the Ninth Circuit was told that the plaintiff was aware of some of the barriers only as a result of his expert's findings. <u>Id</u>. In sum, the distinction drawn in <u>White</u> did not actually exist.

9

Eighth Circuit that [plaintiff] need not necessarily have personally encountered all barriers . . . in order to seek an injunction to remove those barriers." Id.

Moreover, even if the White/Martinez courts' distinction existed, the opinion's clear statements of principles cannot be simply ignored. As I have previously observed, "as a subordinate court my role is to the apply the law as pronounced by courts hierarchically superior, and in attempting to do so my duty is to consider those courts' considered dicta." Natural Resources Defense Council v. Patterson, 791 F.Supp. 1425, 1435 n.18 (E.D. Cal. 1992). The extended discussion in Pickern demonstrates that the Circuit's view is that plaintiffs are not required to actually encounter a barrier in order to sue for its removal. Thus, respectful consideration requires that, in the absence of persuasive reasons, that conclusion should be given effect.

Finally, I note yet another set of considerations counseling against the White/Martinez conclusion, although not considered by the Pickern court. The issue is whether plaintiff has standing to sue. There can be no doubt that once plaintiff has encountered any readily-removable barrier, he has standing to sue the offending entity under the statute. Thus, given plaintiff's allegations concerning barriers he did encounter, there can be no doubt that plaintiff has standing to sue. Accordingly, the real issue is not whether plaintiff has standing, but the breadth of the right to sue. It would thus seem to follow that the issue is not Article III standing to sue, but, at most, the doctrine of prudential

standing, which is a judicially-created doctrine of self-restraint. Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 11-12 (2004); United Food and Commercial Workers Union Local 751 v. Brown Group, Inc., 517 U.S. 544, 551 (1996).  Put somewhat differently, the White/Martinez standard is not compelled by Article III, but is based on other non-constitutional considerations.[6]  Once Article III standing exists, nothing prevents Congress from not only creating a private right of action, but also defining the scope of the litigation.  Put differently, Congress may override the judicial scruples informing determinations of prudential standing. Raines v. Byrd, 521 U.S. 811, 820 n. 3 (1997) (Congressional grant of authority to bring suit "eliminates any prudential standing limitations"); Federal Election Comm'n v. Akins, 524 U.S. 11, 20 (1998).  As noted above, any reasonable construction of the ADA must recognize that Congress intended to permit suits for injunction to reach any existing barriers, and as long as Article III standing exists, nothing prevents it from doing so.

////
////
////
////
////
////
////

---

[6] Exactly what those considerations are has not been explained by my colleagues.

**III.**

**CONCLUSION**

For all the above reasons, the court must reject the contention of the defendants that the plaintiff is without standing to bring the instant litigation.  The court also concludes that plaintiff may sue to require the removal of any architectural barriers which affect him due to his disability which exist at a facility at which he has encountered a barrier.

IT IS SO ORDERED.

DATED:  February 7, 2006.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT
