UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD WILSON,

        Plaintiff,

   v.

PIER 1 IMPORTS (US), INC; and MELLON/PIER 1 PROPERTIES LIMITED PARTNERSHIP I,

        Defendants.

_____/

NO. CIV. S-04-633 LKK/CMK

STEVE EIDEN,

        Plaintiff,

   v.

HOME DEPOT USA, INC., dba HOME DEPOT #6609; and HD PROPERTIES OF MARYLAND,

        Defendants.

_____/

NO. CIV. S-04-977 LKK/CMK

////

////

////

1

```
 1   BYRON CHAPMAN,
                                              NO. CIV. S-04-1339 LKK CMK
 2              Plaintiff,

 3        v.

 4   PIER 1 IMPORTS, et al.,

 5              Defendants.
                                       /
 6
```

7    The court has received defendants' motion to clarify in

8    <u>Wilson v. Pier 1 Imports</u>, No. Civ. S-04-633.  In light of that

9    motion and issues which have arisen in <u>Eiden v. Home Depot</u>, No.

10   Civ. S-04-977, and <u>Chapman v. Pier 1 Imports</u>, No. Civ. S-04-1399,

11   the court ORDERS the parties to submit supplemental briefing no

12   longer than ten (10) pages, and no later than 10:00 a.m. on May 12,

13   2006, on the issue posed below.

14   Under the *state* disability statutes, liability attaches if (1)

15   plaintiff can show that either the ADA was violated, or (2)

16   that the facility in question does not comply with the California

17   Building Code (CBC) requirements, which are often referred to as

18   "Title 24," and that defendant committed intentional

19   discrimination.[1]  See <u>Pickern v. Best Western Timber Cove Lodge</u>

---

[1] Until it was amended in 1992, the only way to prove that defendant violated the Unruh Act was to show that the facility was in violation of Title 24 *and* that the discrimination plaintiff experienced was intentional.  See <u>Harris v. Capital Growth Investors XIV</u>, 52 Cal.3d 1142, 1175 (1991)("[W]e hold that a plaintiff seeking to establish a case under the Unruh Act must plead and prove intentional discrimination in public accommodations in violation of the terms of the Act").  After the Unruh Act was amended in 1992 to incorporate the ADA, plaintiff was not required

2

Marina Resort, 194 F.Supp.2d 1128, 1131 n. 4 (E.D. Cal. 2002) (Shubb, J.). The court, however, has been unable to locate authority on the question of whether under federal law a plaintiff can show that a violation of the CBC would also constitute a violation of the ADA. The parties are ordered to brief this issue as directed above.

    IT IS SO ORDERED.

    DATED: May 8, 2006.

                                       /s/Lawrence K. Karlton
                                       LAWRENCE K. KARLTON
                                       SENIOR JUDGE
                                       UNITED STATES DISTRICT COURT

---

to prove intentional discrimination to establish that his or her rights were violated under the Unruh Act if the Unruh claim is premised on an ADA violation. Lentini v. California Center for the Arts, 970 F.3d 837, 847 (9th Cir. 2004)(No showing of intentional discrimination is required under the Unruh Act when the violation is premised on an ADA violation.).

3